VENABLE LLP
Douglas C. Emhoff (SBN 151049)
demhoff@venable.com
Tamany Vinson Bentz (SBN 258600)
tjbentz@venable.com
Matthew J. Busch (SBN 307396)
mjbusch@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys for Plaintiff Jukin Media, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUKIN MEDIA, INC., a California corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>QWORLDSTAR, INC., a California corporation, d/b/a  Worldstar, Worldstar Hip Hop, Worldstar Candy, and/or Worldstar Agency, and DOES 1 through 10,<br><br>　　　　　　　　Defendants. | CASE NO. 2:16-cv-06800-JFW (SSx)<br><br>Hon. John F. Walter<br><br>**JOINT RULE 26(F) REPORT**<br><br>Scheduling Conference<br><br>Date:　　　　December 19, 2016<br>Time:　　　　8:30 a.m.<br>Courtroom:　　7A<br><br>Action Filed:　　September 9, 2016<br><br>Trial Date:　　Not set |

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1, and the Court's Order Setting Scheduling Conference, counsel for Plaintiff Jukin Media, Inc. ("Plaintiff" or "Jukin") and Defendant QWorldstar, Inc. ("Defendant") participated in a telephonic conference on November 21, 2016, and hereby submit the following Joint Rule 26(f) Report.

Lead trial counsel for Plaintiff, Tamany Vinson Bentz, also confirms that she is a registered "ECF User," and that her "E-mail address of record" is tjbentz@venable.com.  Lead trial counsel for Defendant, Douglas L. Johnson, also confirms that he is a registered "ECF User," and that his "E-mail address of record" is djohnson@jjllplaw.com.

## I. JURISDICTION, VENUE AND SERVICE OF PARTIES

Plaintiff's Complaint arises in part under the Copyright Act, 17 U.S.C. § 101 *et seq.*  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.  No issues exist regarding personal jurisdiction or venue.  At this point in time, Plaintiff is not aware of additional parties that need to be served.

## II. BRIEF CHRONOLOGY OF FACTS AND STATEMENT OF PRINCIPAL FACTUAL ISSUES IN DISPUTE

### A. Jukin's Position

Jukin is a digital media company that provides content and licensing resources for internet video content and has a library of over 30,000 pieces of original user-generated content.  Jukin invests in substantial research and analytical efforts to discover videos that it believes may be valuable and interesting to the public.  Jukin then either licenses or acquires the right to use the videos, or portions thereof, in various commercial applications. Jukin often acquires these rights on an exclusive basis. Jukin monetizes these videos through advertising revenue and by licensing to various distribution channels for use in advertisements, entertainment

productions, news programs, and other productions desirous of short-form content.

Jukin has become a market leader in the discovery, acquisition, monetization, licensing, and distribution of short-form viral video content. Among other things, Jukin offers a proprietary platform that allows its partners access to its library for use in various commercial applications. It also offers curated video collections via its themed YouTube channels and content-focused websites, and independently produces or coproduces content displayed on various means of media distribution. In addition, Jukin employs a rights management team to actively mitigate the effects of lost revenue to its video owners by seeking licenses or advertising revenue monetization from infringing parties.

Defendants operate websites at www.worldstarhiphop.com, www.worldstaruncut.com, and www.worldstarcandy.com that display articles, photographs, and videos uploaded by Defendants' staff. Defendants also display videos from their Facebook, Instagram and Twitter accounts (collectively, "the Worldstar Social Media Accounts").

Defendants have and continue to willfully infringe Jukin's rights by copying videos acquired or licensed by Jukin ("Jukin Original Videos") without permission or any license to do so. Defendants are solely responsible for selecting the videos to be posted on Worldstarhiphop.com and the Worldstar Social Media Accounts. While Defendants accept user generated video submissions, users cannot post videos to Worldstarhiphop.com, and the Worldstar Social Media Accounts. While Jukin has sent Defendants numerous take-down requests, Defendants have continued their unlawful conduct unabated. By early September 2016, Defendants had infringed at least 39 registered and 250 unregistered Jukin Original Videos.

Based on the foregoing, on September 9, 2016, Plaintiff filed the instant action for copyright infringement to enforce its copyrights in hundreds of videos that were posted to Worldstarhiphop.com or used in Defendant's other digital

properties. Plaintiff additionally brought a claim for trademark infringement due to Defendants' reproduction of Plaintiff's federally registered FAILARMY trademark in a manner that creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association, of Defendants with Jukin, or as to the origin, sponsorship, or approval of Defendants' websites and/or videos by Jukin. As detailed in the pleadings, as a result of Defendant's unlawful conduct, Jukin is suffering lost revenue from loss of licensing fees, and decreased monetization via YouTube viewers diverted to Defendant's site, among other things.

The filing of the instant action has not impeded Defendants' infringing conduct. Since Jukin filed its initial complaint, on September 9, 2016, Defendants have engaged in over 40 additional acts of infringement. Jukin reserves the right to further amend its complaint to capture these additional infringements.

The principal factual issues in dispute are as follows: (1) whether Defendants copied the Jukin Original Videos; and (2) whether Defendants reproduced Jukin's federally registered trademark.

### B. Defendant's Position

This lawsuit involves 39 videos that Defendant QWorldstar, Inc. has allegedly infringed. QWorldstar operates websites at www.worldstarhiphop.com, www.worldstaruncut.com, and www.worldstarcandy.com that display articles, photographs, and videos. QWorldstar also has related social media accounts (Facebook, Instagram and Twitter) under the Worldstar Hip Hop banner (collectively, "the Worldstar Social Media Accounts"). QWorldstar's websites and Worldstar Social Media Accounts display articles, photographs, and videos uploaded for submission by third parties. QWorldstar also displays articles, photographs, and videos obtained by its staff.

QWorldstar believes that the principal factual issues in dispute on the

copyright claim are (1) whether Jukin owns rights to the so called Jukin Original Videos, and (2) if so, whether Jukin properly and timely registered the so-called Jukin Original Videos so as to have statutory copyright protection entitling Jukin to recover attorneys' fees and/or statutory damages for any videos that were infringed. In the absence of statutory protection, it is unlikely that Jukin's recoverable damages will be significant because the actual profits stemming from the videos is minimal. QWorldstar believes the principal factual issues in dispute on the trademark claim are whether (1) Jukin's trademark has federal protection, (2) QWorldstar used Jukin's trademark, (3) there was any confusion resulting from use, and (4) Jukin suffered any cognizable damages from an infringing use.

### III. DISPUTED POINTS OF LAW

#### A. Jukin's Position

There is no dispute that if Plaintiff can demonstrate that Defendants copied the Jukin Original Videos then Defendants have infringed Jukin's copyright in the Original Videos in violation of at least Sections 106 and 501 of the Copyright Act, 17 U.S.C. by copying videos owned or exclusively licensed by Jukin without a license or permission. Likewise, there is no dispute that if Plaintiff can demonstrate that Defendants used in commerce a FAILARMY trademark that is identical to Plaintiff's federally registered FAILARMY trademark then Defendants' actions constitute trademark infringement in violation of 15 U.S.C. § 1114.

#### B. Defendant's Position

QWorldstar does not believe there are any disputed issues of law at the present time, but discovery might prove otherwise.

### IV. PRIOR, PENDING, AND ANTICIPATED MOTIONS

The parties do not currently intend to file any motions seeking to add other parties or claims or transfer venue. Jukin intends to file a motion for summary

judgment or partial summary judgment. QWorldstar intends to file a motion for summary judgment or partial summary judgment.

## V. AMENDMENTS

Jukin reserves the right to file a further amended complaint based on additional infringements by Defendant.

Defendant does not contemplate any amendments to its Answer at this time.

Plaintiff proposes that the cut-off to add parties and/or amend the pleadings (including the hearing on any motion to amend) be March 20, 2017, except where otherwise ordered by the Court. Defendant proposes that the cut-off for any of Plaintiff's proposed amendments be January 3, 2016, which is 14 days from the Scheduling Conference.

## VI. INITIAL DISCLOSURES

The parties' Rule 26(f) status conference took place on November 21, 2016. Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the last day for the parties to exchange their initial disclosures is December 16, 2016. Plaintiff and Defendants will timely exchange their respective initial disclosures and fully comply with Fed. R. Civ. P. 26. The parties will each present responsive information regarding the names and contact information for witnesses as well as information regarding the category and location of documents, electronic discovery, and tangible things. Both parties believe that the calculation of damages is premature, and neither party is aware of any insurance coverage at issue at this time.

## VII. DISCOVERY AND PROPOSED DISCOVERY PLAN

**Discovery Taken to Date:** No discovery has been conducted thus far.

**Scope of Anticipated Discovery:** The Parties anticipate deposing the individuals and entities disclosed in their respective initial disclosures, which will be exchanged on or before December 16, 2016. The Parties further plan to depose other yet unnamed percipient witnesses, and to depose the expert witnesses whose

testimony is disclosed pursuant to Rule 26(a)(2). The Parties anticipate propounding document requests which are directed at the Subjects of Discovery outlined below. The Parties also expect to propound interrogatories that will primarily address the opposing party's legal and factual contentions.

**Proposed Discovery Plan pursuant to Fed. R. Civ. P. 26(f):**

    **A.**    **Depositions and Written Discovery**

        i.    Plaintiff's Position

Jukin anticipates taking the deposition of Defendants' corporate representative pursuant to Fed. R. Civ. P. 30(b)(6). In addition, Jukin intends to take the depositions of employees of Defendants responsible for selecting and posting videos on Worldstarhiphop.com and the Worldstar Social Media Accounts.

Jukin anticipates serving requests for admission, document requests, and interrogatories.

Jukin will conduct discovery on all of its allegations and claims against Defendants, as well as Defendants' affirmative defenses thereto, namely: Defendant's profits resulting from its copying and use of the Jukin Original Videos; Defendants' policies and practices regarding selecting videos for posting on Worldstarhiphop.com and the Worldstar Social Media Accounts, including by its own staff; Defendants' selection and posting of the Jukin Original Videos on Worldstarhiphop.com and the Worldstar Social Media Accounts; Defendants' knowledge of Jukin's rights in the Jukin Original Videos; take down notices sent to Defendants in connection with its copying and posting of videos on Worldstarhiphop.com and any of its other platforms; Defendants' copying of videos belonging to anyone other than Jukin; as well as the communications and documents relating to Defendants, including videos posted on Worldstarhiphop.com and the Worldstar Social Media Accounts. This is not an exhaustive list, and Plaintiff may seek discovery on additional topics as warranted

by the litigation.

i. Defendant's Position

QWorldstar anticipates taking the deposition of Jukin's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6) on a number of topics of examination.

QWorldstar anticipates serving requests for admission, document requests, and interrogatories.

QWorldstar will conduct discovery on all of Jukin's allegations and claims, as well as QWorldstar's affirmative defenses, including: whether Jukin owns rights to the so called Jukin Original Videos, how and when Jukin acquired the rights, whether Jukin properly and timely registered the so-called Jukin Original Videos so as to have statutory copyright protection entitling Jukin to recover attorneys' fees and/or statutory damages for any videos that were infringed.  This is not an exhaustive list, and QWorldstar may seek discovery on additional topics as warranted by the litigation.

**B.    Electronically Stored Information ("ESI")**

The parties do not anticipate a significant volume of ESI.  The parties agree to comply with the rules for electronic production consistent with the Federal Rules of Civil Procedure.  In addition, the parties intend to prepare an agreed upon set of instructions with respect to electronic productions.

The parties currently anticipate the need for certain electronically stored information relating to Defendant's digital properties and the infringed videos and the Jukin Original Videos.

**C.    Additional Issues Related to Discovery**

The parties are of the view that discovery should take place pursuant to the Federal Rules of Civil Procedure and should not be limited or conducted in phases, except as provided by the Federal Rules of Civil Procedure or the Local Rules of

the Central District of California.

The parties do not propose that discovery be conducted in phases or limited to or focused on particular issues. The parties agree that no changes are necessary to the limitations on discovery in the Federal Rules or in the Local Rules, but if such changes are necessary, they will address them with the Court.

At this time, the parties do not seek any supplemental orders under Rule 16(b) or (c), but reserve the right to seek such orders should they become necessary. The parties anticipate preparing and executing a two-tier protective order pursuant to Rule 26(c) which shall be presented to the Court in due course.

## VIII. RELATED CASES OR PROCEEDINGS

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

## IX. RELIEF SOUGHT IN THE COMPLAINT

Jukin seeks redress for Defendant's willful, intentional, and purposeful use and exploitation of the Jukin Original Videos for its own benefit with full knowledge that such use constituted infringement of Jukin's rights. In particular, Jukin seeks an injunction, damages (including statutory damages), an accounting of Defendant's profits attributable to its infringements of Jukin's copyrights and trademark, and attorneys' fees and costs. The realistic amount of provable damages is in excess of $1 million.

## X. CERTIFICATION OF INTERESTED PARTIES OR PERSONS

Jukin has filed the "Certification of Interested Parties or Persons" required by the Local Rules, and has identified no such parties or persons.

QWorldstar has filed the "Certification of Interested Parties or Persons" required by the Local Rules.

## XI. COMPLETION OF DISCOVERY, HEARING OF MOTIONS, PRETRIAL CONFERENCE, AND TRIAL DATE

| Matter | The Parties' Proposal |
|---|---|
| Discovery Cut-Off | May 30, 2017 |
| Motion Hearing Cut-Off | August 15, 2017 |
| Final Pre-Trial Conference | October 9. 2017 |
| Trial Date | November 7, 2017 |

## XII. JURY TRIAL AND TIME ESTIMATE FOR TRIAL

At this time, the parties contemplate a four (4) day trial by jury. Jukin intends to call between four (4) and six (6) witnesses.

QWorldstar intends to call between three and five witnesses at trial based on what is presently known.

## XIII. SETTLEMENT EFFORTS

The parties have engaged in good faith settlement discussions and continue to engage in settlement discussions. If the parties are unable to resolve this matter among themselves, the parties agree to hold settlement discussions before a magistrate judge or private mediator pursuant to Local Rule 16-15.4, to take place by March 31, 2017.

## XIV. MANUAL FOR COMPLEX LITIGATION

This is not a complex case, and the procedures of the Manual for Complex Litigation need not be utilized.

## XV. DISPOSITIVE MOTIONS

The parties each intend to file a motion for summary judgment or partial summary judgment.

## XVI. UNUSUAL LEGAL ISSUES

At this point, there do not appear to be any unusual legal issues.

## XVII. PROPOSALS REGARDING SEVERANCE, BIFURCATION OR OTHER ORDERING OF PROOF

At this time, the Parties do not anticipate seeking severance and/or

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

bifurcation of triable issues. The Parties reserve their right, however, to make a motion for severance/bifurcation should such a motion be appropriate in the future.

Dated: December 12, 2016         VENABLE LLP

                                 By: /s/ Tamany Vinson Bentz
                                     Douglas C. Emhoff
                                     Tamany Vinson Bentz
                                     Matthew J. Busch
                                     Attorneys for Plaintiff Jukin Media, Inc.


Dated: December 12, 2016         JOHNSON & JOHNSON, LLP

                                 By: /s/ Jordanna G. Thigpen
                                     Neville L. Johnson
                                     Douglas L. Johnson
                                     James T. Ryan
                                     Jordanna G. Thigpen
                                     Attorneys for Defendant QWorldstar, Inc.

# SIGNATURE CERTIFICATION

I am the ECF User whose identification and password are being used to file the foregoing **JOINT RULE 26(f) REPORT**. In compliance with the General Order, I hereby attest that the other signatories to this filing have concurred in this filing.

Dated: December 12, 2016         VENABLE LLP

By: /s/ Tamany Vinson Bentz
    Douglas C. Emhoff
    Tamany Vinson Bentz
    Matthew J. Busch
    Attorneys for Plaintiff Jukin Media, Inc.