Douglas L. Johnson (SBN 209216)
Jennifer J. McGrath (SBN 211388)
Robert Paredes (SBN 255329)
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (310) 975-1080
Facsimile:   (310) 975-1095
Email:         djohnson@jjllplaw.com
                    jmcrath@jjllplaw.com
                    rparedes@jjllplaw.com

*Attorneys for Defendant*
QWorldstar, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUKIN MEDIA, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>QWORLDSTAR, INC., a California corporation, d/b/a Worldstar, Worldstar Hip Hop, Worldstar Candy; and DOES 1 through 10,<br><br>Defendants. | CASE NO.: 2:16-cv-6800-JFW(SSx)<br><br>DEFENDANT'S [PROPOSED] STATEMENT OF DECISION GRANTING MOTION TO AMEND SCHEDULING ORDER<br><br>Hon. John F. Walter<br>Magistrate Judge Suzanne H. Segal<br><br>Date:        June 26, 2017<br>Time:       1:30 p.m.<br>Location:  Courtroom 7A |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

This matter is before the Court upon moving defendant QWorldstar, Inc.'s ("Defendant") Motion to Amend Scheduling Order (the "Motion") (**Dkt. No. 43**). Having reviewed Defendant's Motion and Reply and the plaintiff Jukin Media, Inc.'s ("Plaintiff") Opposition, and having considered oral arguments by the parties at the hearing on the Motion, the Court finds as follows:

Good cause exists to amend the Court's Case Scheduling Order ("CMO") based on the undisputed showing of good cause set forth in the Declarations of Douglas L. Johnson (**Dkt. No. 41-1**) and Edward Dwyer (**Dkt. No. 41-10**).

Plaintiff will not be prejudiced by a continuance of the trial and all related dates and discovery deadlines set forth in the CMO. Plaintiff does not seek injunctive relief that requires immediate resolution and Defendant seeks to schedule the continued trial for a time convenient to the Court, Plaintiff, and its counsel.

For these reasons, the Court GRANTS Defendant's Motion pursuant to Fed. R. Civ. P. 16(b)(4).

**I.   FACTUAL BACKGROUND**

Defendant is a content aggregating video blog with a target demographic of individuals in the 18 to 35-year-old range. Defendant is the "home to everything entertainment & hip hop" and is the "number one urban outlet responsible for breaking the latest urban news." "Since 2005, [Defendant] has worked with some of [this] generation's most groundbreaking artists, athletes & musicians – all who have helped continue to define [Defendant's] unique identity and attitude."

Plaintiff operates a video blog that competes with Defendant. Plaintiff contacts viral video content creators to obtain rights to these videos, which are then posted on Plaintiff's video blog and/or licensed to third-party users.

Between February 2015 and December 2016, Defendant posted 62 videos (the "Subject Videos") to Defendant's website and/or Defendant's social media platforms. Plaintiff maintains that it has a copyright interest in each of the Subject

Videos, as well as ownership in a trademark for FAILARMY, which appears in one of the Subject Videos entitled, "Ultimate Parkour Fails Compilation || FailArmy." Plaintiff also maintains that Defendant infringed on Plaintiff's copyright and trademark interests in the Subject Videos.

On May 17, 2017, the Court scheduled an Order to Show Cause Why Sanctions Should Not be Imposed for Failure to Comply with the Court's Order (**Dkt. No. 40**) (the "OSC"). The OSC indicated that "[t]he parties have violated the Court's CMO by failing to complete the Settlement Conference by the Court-ordered deadline of May 2, 2017."

On May 17, 2017, Defendant filed an *Ex Parte* Application to Amend Scheduling Order (**Dkt. No. 41**).

On May 18, 2017, the Court denied Defendant's Application without prejudice to filing a regularly noticed motion (**Dkt. No. 42**).

On May 19, 2017, Defendant filed the Motion (**Dkt. No. 43**).

## II. GOOD CAUSE EXISTS TO AMEND THE SCHEDULING ORDER

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." (See also, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).) The good cause standard is met if the party seeking the continuance shows diligence. (*Id*. at 609.) Courts also consider whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment and whether the moving party was diligent in seeking amendment once the need to amend became apparent. (*Ibid*.)

If the trial court determines that refusal to allow a modification of a pre-trial order could result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than a slight inconvenience to the court, modification is appropriate. (See *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981).)

Here, it is undisputed that Mr. O'Denat unexpectedly died on January 23, 2017. In addition, Plaintiff does not dispute any of the following facts from the Declaration of Defendant's Chief Executive Officer, Edward Dwyer:

— Mr. Dwyer had to meet with Mr. O'Denat's trusts and estates attorney to assume the role of trustee. Among other things, this role entailed repeated travel and meetings over the course of several weeks to arrange for the itemization, distribution, and management of trust assets;

— Mr. Dwyer had to meet with Mr. O'Denat's family law attorney, Sharon Blanchet, and had to retain her to discuss and address a pending "Marvin Action" filed in the Family Law Court in San Diego;

— Mr. Dwyer had to hire individuals to assist with the inventory of trust assets;

— Mr. Dwyer had to hire a corporate lawyer to handle all the corporate resolutions appointing Mr. Dwyer as Worldstar's CEO so that he could manage the company and use the company bank accounts;

— Mr. Dwyer had to unfreeze Worldstar's bank accounts to ensure that the company could operate and pay its employees;

— Mr. Dwyer had to recover Mr. O'Denat's personal items from the coroner;

— Mr. Dwyer had to terminate real property leases and coordinate the removal of Mr. O'Denat's personal property from Mr. O'Denat's properties;

— Mr. Dwyer had to plan, oversee, and attend Mr. O'Denat's funeral;

— Mr. Dwyer had to contact and gain access to Mr. O'Denat's personal property in storage facilities;

— Mr. Dwyer had to address pressing issues relating to child support to ensure Mr. O'Denat's children were provided for;

— Mr. Dwyer had to locate and retain probate attorney, Mary Gillick, to address guardianship and support issues for Mr. O'Denat's children, as well as trust property disputes;

— Mr. Dwyer had to address complicated internal revenue service issues and filings for Mr. O'Denat's estate;

— Mr. Dwyer had to attend court hearings in the family law and probate matters relating to Mr. O'Denat's children and the trust;

— Mr. Dwyer had to pay bills for the children's day-to-day care, healthcare, and education;

— Mr. Dwyer had to address a lawsuit regarding a disinheritance dispute;

— Mr. Dwyer had to retain an attorney to address complicated estate tax issues;

— Mr. Dwyer had to assume the role of Worldstar's chief executive officer;

— Mr. Dwyer had to hire an employee, which he trained to handle Worldstar's servers, content delivery networks, and webpage development;

— Mr. Dwyer had to familiarize himself with the roles of each Worldstar employee;

— Mr. Dwyer had to meet with, maintain, and develop the relationships Mr. O'Denat had with various music and television industry professionals and companies;

— Mr. Dwyer had to attend daily meetings with Worldstar accountants;

— Mr. Dwyer had to familiarize himself with all of Worldstar's day-to-day operations, including the development of new revenue streams;

— Mr. Dwyer had to streamline Worldstar's various business entities and accountings;

— Mr. Dwyer had to oversee artist relationships on a daily basis;

— In addition to the avalanche of new responsibilities and tasks Mr. Dwyer assumed, Mr. Dwyer had to manage the responsibilities he handled prior to Mr. O'Denat's death, including but not limited to, Worldstar sales, information technology issues, server problems, Digital Millennium

> Copyright Act requests, site and analytic monitoring, and content submissions.

(**Dkt. No. 41-10.**)

Plaintiff also does not dispute the following from the Declaration of Defendant's general counsel, Douglas L. Johnson:

> As Worldstar's general counsel, I was involved with the hiring of family law and trusts and estates attorneys for Mr. O'Denat's estate, as well as a corporate attorney for Worldstar. The instability caused by Mr. O'Denat's untimely death and the need to get Mr. O'Denat's personal and corporate affairs in order consumed everyone's time at Worldstar, including mine, for several months. Also, I did not expect the amount of legal work and litigation that has ensued over Mr. O'Denat's trust. It has been a mountain of work for both Mr. Dwyer and me.

(**Dkt. No. 41-1**.)

Furthermore, Plaintiff does not dispute that it consciously violated the CMO. Plaintiff also does not dispute that Defendant diligently and in good faith sought to amend the CMO. Finally, it is undisputed that Defendant has diligently and in good produced witnesses in New York, Florida, and California, propounded discovery, and designated an expert since Edward Dwyer's April 26, 2017 deposition.

Plaintiff maintains that, notwithstanding the foregoing undisputed facts, Defendant delayed filing the Motion. However, this is inconsistent with the fact that Plaintiff acknowledged that Mr. O'Denat's death constituted good cause to allow Worldstar to amend its Answer to the Second Amended Complaint (**Dkt. No. 36**). Under the circumstances, it is reasonable and fair that Mr. O'Denat's death also constitutes good cause to continue the trial and related dates.

///
///

## III. PLAINTIFF WILL NOT BE PREJUDICED IF THE COURT AMENDS THE CMO

Plaintiff will not be prejudiced by a continuance of the trial and all related dates set forth in the CMO. Plaintiff is not seeking injunctive relief that requires immediate resolution. Any inconvenience in rearranging schedules for a new trial date, minor inconvenience does not amount to prejudice, and Worldstar has no objection to scheduling the continued trial for a time convenient to Plaintiff and its counsel.

In addition, Plaintiff will not be prejudiced by a continuance of the trial and all related dates because: (i) both parties cannot complete discovery before the July 24, 2017 discovery cut-off; (ii) a continuance will permit the parties to comply with the CMO's deadline to complete a settlement conference; and (iii) the trial will be streamlined by the completion of discovery in due course.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER

**IT IS HEREBY ORDERED** that all dates set forth in the December 13, 2016 Scheduling Order in this case are modified as follows:

|  | **Current Date** | **New Date** |
|---|---|---|
| Last day to conduct Settlement Conference | 5/2/17 | 7/31/17 |
| Last day to file Joint Report re: results of Settlement Conference | 5/9/17 | 8/7/17 |
| Discovery cut-off | 7/24/17 | 10/23/17 |
| Last day for hearing motions | 8/7/17 | 11/6/17 |
| Submit Pre-Trial Conf. Order; File Motions in Limine; Memo of Contentions of Fact and Law; Pre-Trial Exhibit Stipulation; Summary of Witness Testimony and Time Estimates; File Status Report re Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc. | 8/24/17 | 12/6/17 |
| Pre-Trial Conference; File Proposed Voir Dire Qs and Agreed-to Statement of Case | 9/8/17 | 12/21/17 |
| [Court trial] Hearing on Motions in Limine | X |  |
| [Jury trial] Hearing on Motions in | 9/15/17 | 12/28/17 |
7

DEFENDANT'S [PROPOSED] STATEMENT OF DECISION GRANTING MOTION TO AMEND SCHEDULING ORDER

| | | |
|---|---|---|
| Limine; Hearing on Disputed Jury Instructions | | |
| Trial (jury) Estimated length: 3 days | 9/26/17 | 1/22/18 |

**IT IS SO ORDERED.**

Dated: _____, 2017 _____
Honorable John F. Walter
United States District Judge